IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 06 C 1304 (04 CR 13) |
| TWAN STEPHENSON, | ) ) | |
| Defendant. | ) | |

MEMORANDUM REGARDING CERTIFICATE OF APPEALABILITY

Twan Stephenson ("Stephenson") has filed a Notice of Appeal from this Court's May 2, 2006 memorandum opinion and order (the "Opinion," a copy of which is attached) that denied Stephenson's motion invoking 28 U.S.C. §2255[1] on the ground that his appointed counsel John Sullivan ("Sullivan") had assertedly rendered constitutionally ineffective assistance to Stephenson. This memorandum explains why no certificate of appealability should issue.

To that end this Court can do no better than to reconfirm, and to incorporate by reference, what was said in the Opinion and was supplemented by this Court's June 19 memorandum order denying Stephenson's motion for reconsideration of the Opinion (a copy of the June 19 memorandum order is also attached). Those rulings explain why Stephenson has failed to make any substantial showing of the denial of a constitutional right, as is required by

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Section 2253(c)(2).

Stephenson (to whom a copy of this memorandum is being sent) is advised that, having failed at this District Court level, he may still seek the issuance of a certificate of appealability from our Court of Appeals under Section 2253(c).

_____
Milton I. Shadur
Senior United States District Judge

Date: July 6, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
                Plaintiff,        )
                                  )
        v.                        )    No.  06 C 1304
                                  )         (04 CR 13)
TWAN STEPHENSON,                  )
                                  )
                Defendant.        )

MEMORANDUM ORDER

On May 2, 2006 this Court issued a memorandum opinion and order that denied the 28 U.S.C. §2255 ("Section 2255") motion that had been filed by Twan Stephenson ("Stephenson"), seeking to vacate the 120-month custodial sentence imposed in consequence of his guilty plea to Count One of the indictment charging him with a drug offense. When Stephenson then filed a Motion for Reconsideration ("Motion"), this Court directed the government to file a response, and it has now done so.

It should perhaps be said at the outset that Stephenson's pro se Motion appeared highly problematic to begin with (as was true of his original Section 2255 motion), so that this Court's ordering of a response was done out of an abundance of caution rather than as a reflection of the Motion's underlying merit. And indeed, quite apart from the limited role that is properly played by any motions for reconsideration (a proposition for which this Court, like many others, frequently cites the thoughtful opinion by the late Judge Dortch Warriner in <u>Above the</u>

Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), here the government's response has amply demonstrated the lack of substantive merit in Stephenson's Motion.

Suffice it to say that what Stephenson has reflected in his Motion amounts to nothing more than a disagreement with this Court's May 2 ruling, which is hereby reconfirmed. Hence Stephenson's current Motion is denied.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date: June 19, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No: 06 C 1304 |
| | ) | (No. 04 CR 13) |
| TWAN STEPHENSON, | ) | |
| | ) | Judge Milton I. Shadur |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Twan Stephenson ("Stephenson"), who is serving a 120-month sentence imposed by this Court following his guilty plea to a charge of distributing crack cocaine, has filed a 28 U.S.C. § 2255 motion charging his appointed counsel John Sullivan ("Sullivan") with constitutionally ineffective assistance of counsel. Because it originally appeared to this Court that both an answer and an evidentiary hearing were required by Stephenson's motion, its March 10, 2006 memorandum order directed the government to file an answer, following which further proceedings were contemplated. That response is now in hand, and it has become clear that the motion should instead be rejected on the papers — that no evidentiary hearing is called for.

True enough, there are conflicting versions as to whether Stephenson did instruct Sullivan to take an appeal — Stephenson says that he did in his Declaration ¶¶ 8-10, while attorney Sullivan swears otherwise in his Aff. ¶¶ 14-18 (Ex. 2 to the United States' Answer). It is also true that *Roe v. Flores Ortega*, 528 U.S. 470, 477 (2000) teaches "that a lawyer who disregards specific instructions from a defendant to follow a notice of appeal acts in a manner that is professionally unreasonable." But even if Stephenson's version of that factual dispute were to be

credited, Stephenson's constitutional rights have still not been violated and his motion must therefore fail.

It should first be emphasized, however, that the just-stated assumption is made purely arguendo. Even though attorney Sullivan has appeared before this Court on many occasions over the years, and he has always exhibited impeccable professionalism, so that Stephenson's account could be viewed as suspect at a minimum, the stated assumption is made to demonstrate why no evidentiary hearing is required to dispatch Stephenson's motion in any event. In that regard the government calls upon *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) to assert that Stephenson's version should be rejected as "palpably incredible," obviating the need for an evidentiary hearing on that score. But that invocation of *Bruce* overstates the situation here, for any perceived improbability of Stephenson's conflicting version cannot be relabeled as "palpably incredible." Discretion, if nothing more, calls for this Court to accept what Stephenson has said, eliminating the need for an evidentiary hearing on that disputed issue.

That is so because of Stephenson's express admissions in his plea agreement ("PA"), which he does not challenge.[1] Here are the relevant provisions:

1. PA ¶¶ 5 and 6 unequivocally acknowledged Stephenson's knowing and intentional distribution of crack cocaine on two occasions, with the quantity of crack aggregating more than 50 grams and less than 150 grams (PA ¶ 7(b)).

---

[1] That absence of a challenge is entirely understandable. As Sullivan Aff. ¶ 6 reflects, the PA – which produced a Sentencing Guidelines range of 140 to 175 months – was the alternative to a superseding indictment in which the government planned to include a 21 U.S.C. § 851 notice by reason of Stephenson's prior drug convictions, with the consequent prospect of a mandatory minimum sentence of 20 years under 21 U.S.C. § 841(b)(1)(A). Hence Stephenson obtained a substantial benefit from the PA, with its range of 140 to 175 months, let alone from the lesser 120-month sentence that this Court ultimately imposed.

2

2. PA ¶ 13 – again unchallenged by Stephenson – specified:

> Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. The defendant's attorney has explained those rights to him and the consequences of his waiver of those rights. The defendant further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial and may only appeal the validity of this plea of guilty.

Moreover, as this Court always does in taking a guilty plea, it explained in detail all of Stephenson's legal rights (constitutional and otherwise) and all of the provisions of the PA, including those just referred to – and it specifically directed Stephenson's attention to the account of events set out in the PA and asked him whether that description was accurate. Stephenson confirmed the accuracy of the description, which expressly identified the controlled substance involved as crack cocaine (*see* attached Tr. 23-24, Ex. 3 to the Government Answer).

Thus, although the earlier-stated arguendo assumption would satisfy the first of the two prongs established by the seminal opinion in *Strickland v. Washington*, 466 U.S. 668 (1984), Stephenson falls at the second of those hurdles as articulated in *Strickland, id.* at 694:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

On that score Stephenson says he "had nothing to lose and everything to gain by pursing an appeal" – but in truth he had <u>nothing</u> to gain, as well as nothing to lose, if a notice of appeal had been filed on his behalf.

To begin with, it bears repeating that Stephenson had expressly – and advisedly – "waiv[ed] all appellate issues that might have been available if he had exercised his right to

3

trial." Instead his only reserved right of appeal under PA ¶ 13 was to challenge "the validity of this plea of guilty", and it imposes an impermissible strain on that language to characterize his now-expressed challenge – an argument that the controlled substance he had distributed was not crack cocaine under our Court of Appeals' opinion in *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005) – as impugning the validity of the guilty plea itself.

But perhaps even more fundamentally, both in the PA and in the course of Stephenson's sworn testimony when this Court took his guilty plea he unambiguously identified the controlled substance in which he was trafficking as crack cocaine. As already stated, he does not claim that the PA – an agreement that afforded him a material benefit – was invalid by reason of any claimed coercion or any other flaw. Under those circumstances, any attempted appeal based on an effort to squirm out from under his acknowledged criminal conduct was doomed to failure. And that scotches any notion of prejudice, conclusively negating his claim of constitutionally ineffective representation by attorney Sullivan.

## CONCLUSION

Although this Court's original brief memorandum order contemplated the prospect of an evidentiary hearing, it is plain that none is required. Instead "it plainly appears from the motion that any attached exhibits, in the prior proceedings that the moving party is not entitled to relief" (Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts). And that being so, "the judge must dismiss the motion" (*id.*) This Court does so.

Entered: May 2, 2006

_____
Milton I. Shadur, United States District Judge

4