IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 1304 |
| | ) | (04 CR 13) |
| TWAN STEPHENSON, | ) | 06-2887 (USCA) |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Twan Stephenson ("Stephenson") has filed a self-prepared Request To Proceed In Forma Pauperis ("Request"), seeking that status for his appeal from this Court's denial of his motion that had invoked 28 U.S.C. §2255 to attack his conviction.[1] As the Request states accurately, this Court's May 2, 2006 memorandum opinion and order denying his motion was then supplemented by a June 19 memorandum order that denied his follow-up motion for reconsideration, after which Stephenson filed a Notice of Appeal and this Court issued its July 6 memorandum explaining why no certificate of appealability should issue and advising him that he could renew his request for such a certificate before the Court of Appeals under Section 2253(c).

As required by Section 1915(a)(2), Stephenson has accompanied the Request with a printout from Pekin FCI ("Pekin," where he is now in custody) that provides the necessary

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

information about his trust fund account for the six-month period preceding his appeal. That statement shows that the greater of the two alternatives set out in Section 1915(b)(1)(the average monthly deposits to Stephenson's account) comes to $165.08, so that the required initial partial filing fee (20% of that figure) is $33.

Accordingly Stephenson's request is granted to the extent that he is not required to pay the entire $455 in appellate docketing and filing fees <u>in advance</u>, although he will be obligated to pay the full amount in future installments (see Section 1915(b)(1)). That means the initial $33 payment on account must be made promptly, and a copy of this memorandum order is being transmitted to the authorities at Pekin for that purpose.

Thereafter the trust fund officer at Pekin (or at any other correctional facility where Stephenson may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to:

>           Office of the Clerk
>           United States District Court
>           219 South Dearborn Street
>           Chicago IL 60604

each time the amount in the account exceeds $10 until the full $455 in docketing and filing fees are paid. Both the initial

payment and all future payments shall clearly identify Stephenson's name and the 06-2887 Court of Appeals case number assigned to Stephenson's appeal. To implement these requirements, the Clerk shall send a copy of this order to the Pekin trust fund officer.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  August 24, 2006